UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEDAL ELFAR,<br><br>    Plaintiff,<br><br>    v.<br><br>TOWNSHIP OF HOLMDEL, *et al.*,<br><br>    Defendants. | Civ. No. 22-5367 (RK)(JBD)<br><br><br>MEMORANDUM ORDER |

Plaintiff Nedal Elfar moves to amend his complaint. [Dkt. 44.] Defendants Township of Holmdel ("Holmdel"), Matthew Menosky, Michael Sasso, and John Mioduszewski oppose the motion. [Dkt. 50.] For the reasons set forth below, Elfar's motion is granted.

**I.    BACKGROUND**

Elfar alleges that he was driving in Holmdel on July 4, 2016, when two Holmdel police officers, Defendants Menosky and Sasso, stopped him, searched his vehicle, and arrested him on suspicion of driving while impaired on marijuana. [Dkts. 1, 22] ¶¶ 1, 8-9, 11, 15, 19, 21. Elfar was convicted at trial in Holmdel municipal court, but on appeal to the New Jersey Superior Court he was acquitted after the presiding judge determined, among other things, that Menosky and Sasso lacked probable cause to search Elfar's vehicle and that the search and subsequent arrest were unconstitutional. *Id.* ¶¶ 1, 29, 41, 43-44, 56-57.

Based on these events, Elfar filed a federal complaint on September 1, 2022. [Dkt. 1.] In it, he asserted (i) a claim under 42 U.S.C. § 1983 and the New Jersey

1

Civil Rights Act for malicious prosecution against Defendants Menosky, Sasso, and then-Holmdel police chief Mioduszewski (the "Law Enforcement Defendants"); (ii) a claim under § 1983 and the New Jersey Civil Rights Act that Defendant Holmdel's policies, patterns, and practices are unconstitutional; and (iii) a reserved claim "for common law malicious prosecution at the expiration of the 180-day period required by N.J.[S.A.] § 59:8-8 after service of a notice of tort claim on Holmdel." [Dkt. 1] ¶¶ 63-74.  Elfar seeks damages that include "tens of thousands of dollars in legal fees," "thousands of dollars in fines," and emotional distress. [Dkts. 1, 22] ¶ 60.

After Defendants moved to dismiss the initial complaint, Elfar filed a first amended complaint as of right. [Dkt. 22.] The first amended complaint included, among other things, additional facts under count one, as well as embedded legal arguments in opposition to Defendants' then-pending motion to dismiss. *Id.* ¶ 65 & nn.4, 6-8, 10, 12-16.  Given the filing of the first amended complaint, the Court terminated the motion to dismiss the initial complaint. [Dkt. 24.] Defendants thereafter filed a motion to dismiss the first amended complaint, which Elfar opposed. *See* [Dkts. 30-31, 40, 43].[1]

After the motion to dismiss the first amended complaint had been fully briefed, the statutory six-month waiting period for tort claims against public entities elapsed. *See* N.J.S.A. § 59:8-8.  Accordingly, Elfar filed the present motion

---

[1]   Elfar also moved for partial summary judgment on whether Holmdel is precluded from re-litigating the New Jersey Superior Court holding. [Dkt. 32-1] at 1.  The Court recently denied that motion.  [Dkts. 55-56.]

for leave to file a second amended complaint solely to add—although "activate" might be a more descriptive term—the previously-reserved third count for common law malicious prosecution.  [Dkt. 44.]  As it had done before, the Court administratively terminated the motion to dismiss the first amended complaint pending the decision on the motion to amend.  The Court directed that if it denies the motion to amend, it would reinstate Defendants' motion to dismiss, and if it grants the motion, Defendants must answer or otherwise respond to the second amended complaint upon its filing.  [Dkt. 48.]  Defendants, as noted, oppose Elfar's motion to amend.  [Dkt. 50.]

II.    DISCUSSION

Under New Jersey law, Elfar had to wait six months from the time that he provided notice of his tort claim to Holmdel before he could formally pursue that claim.  N.J.S.A. § 59:8-8.  The amendment now under consideration seeks only to add the previously-reserved tort claim to the case, now that the six-month waiting period has passed.  Specifically, Elfar's proposed amendments consist of the following: (i) removing the word "Reserved" from count three, malicious prosecution (common law); (ii) quoting the provision of N.J.S.A. § 59:8-8 regarding the time for presentation of common law claims against public entities like Holmdel; and (iii) describing how and when Elfar served Holmdel with a notice of tort claim for common law malicious prosecution.  [Dkt. 44-1] Ex. A ¶¶ 75-77.  Elfar does not seek to allege any new facts, but rather bases his previously-reserved common law malicious prosecution claim solely on "the reasons set forth above at length," and

3

alleges that Holmdel is vicariously liable because Defendants acted within the scope of their employment with Holmdel. *Id.* ¶ 78.

Although they recognize that the proposed amendment seeks only to add the claim for common law malicious prosecution, Defendants argue that the claim is futile because it "fails to plead facts to plausibly demonstrate actual malice under New Jersey law," and "fails to allege facts to show that the plaintiff has satisfied the threshold for awarding damages under the New Jersey Tort Claims Act [(NJTCA)]." [Dkt. 50] at 1. Defendants also argue that if the Court grants their forthcoming motion to dismiss Elfar's federal claims, there is no basis for the Court to retain supplemental jurisdiction over the remaining state law claims, including the proposed new claim. *Id.*

As explained below, the Court concludes that Defendants' legal challenge to Elfar's proposed common law malicious prosecution claim is best addressed not on this Rule 15 motion to amend, but instead on Defendants' forthcoming Rule 12(b)(6) motion to dismiss. That is, Defendants' challenge to the proposed new claim is best addressed in conjunction with their forthcoming legal challenges to the claims already asserted in the initial and first amended complaints. For present purposes and given the rule's spirit of liberal amendment, Elfar's proposed amendment passes muster under Rule 15. Accordingly, the Court will grant Elfar's motion.

### A. Defendants' Arguments in Opposition to the Motion to Amend Are More Appropriately Addressed on a Motion to Dismiss

For multiple reasons, Defendants' arguments in opposition to Elfar's motion to amend are more appropriately addressed on a Rule 12(b)(6) motion to dismiss

4

rather than a Rule 15 motion to amend.  First, Defendants already have filed two motions to dismiss Elfar's previous complaints, which the Court has yet to adjudicate.  These motions address substantially the same allegations as the proposed second amended complaint, with the exception only of the previously-reserved common law malicious prosecution claim.  Second, Elfar's first amended complaint and proposed second amended complaint contain arguments in opposition to Defendants' motion to dismiss, and should therefore be considered in that context rather than a motion to amend.  Third, Defendants include an argument in their opposition to the motion to amend regarding probable cause that was set forth nearly verbatim in their motion to dismiss the first amended complaint, and they have already indicated they will ask to have their motion to dismiss reinstated if Elfar is permitted to file his proposed second amended complaint.  *See* [Dkt. 50] at 3 (stating "if the amendment is granted, defendants will request that the motion to dismiss be reinstated").  Fourth, the relief Defendants seek here is that "the [second amended complaint] be dismissed, with prejudice," [Dkt. 50] at 20, which is not relief that this Court can provide on a Rule 15 motion to amend.

In sum, whatever the Court does on this motion, it still will need separately to address Elfar's first and second causes of action on Defendants' forthcoming Rule 12(b)(6) motion; in that posture, it makes little sense to sever the Rule 12(b)(6) analysis solely for the proposed third cause of action and address it here on this Rule 15 motion, especially given the overlap of elements in the federal and state law

5

malicious prosecution claims (the first and third causes of action). *See infra.* § II.B., n.3.

Along the same lines, Defendants' argument that the Court should decline to exercise supplemental jurisdiction over Elfar's state law claims is premature on this motion to amend, since it assumes a Rule 12(b)(6) dismissal of Elfar's federal claims. *See* [Dkt. 50] at 19 (stating that "[i]f the defendants are successful in their motion to dismiss, the Court should decline to exercise supplemental jurisdiction over [Elfar]'s state law claims in the proposed [second amended complaint]"). If the Court dismisses Elfar's federal claims for failure to state a claim, at that point it can decide whether to exercise supplemental jurisdiction over remaining state law claims, including the proposed common law malicious prosecution claim.

In short, Defendants' legal challenge to Elfar's proposed common law claim for malicious prosecution is preserved for future proceedings. Elfar previously identified that claim in his first two complaints and seeks effectively to activate it now that New Jersey's six-month waiting period for public tort claims has passed. There is good practical reason to permit him to do so.

### B. Elfar's Proposed Amendment is Sufficiently Pleaded in Light of the Liberal Policy in Favor of Permitting Amendment

The Court's practical observations above are buttressed by Rule 15 itself.

Relevant here, Rule 15 provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). But the Court should freely give leave to amend when justice so requires, and courts have "consistently adopted a liberal approach to the allowance of

6

amendments." *DLJ Mortg. Capital, Inc. v. Sheridan*, 975 F.3d 358, 369 (3d Cir. 2020). This liberal policy in favor of permitting amendment exists "in light of the 'principle that the purpose of pleading is to facilitate a proper decision on the merits,'" and "if the underlying facts relied upon by a party might be a proper subject of relief, that party should have the opportunity to test its claims on the merits." *Grasso v. Consol. Rail Corp.*, Civ. No. 12-398 (KM) (MAH), 2013 WL 3167761, at *7 (D.N.J. June 20, 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Thus, leave to amend "shall be freely given, in the absence of circumstances such as undue delay, bad faith or dilatory motive, undue prejudice to the opposing party or futility of amendment." *Simmermon v. Gabbianelli*, 932 F. Supp. 2d 626, 635 (D.N.J. 2013) (citing *Foman*, 371 U.S. at 182).[2]

Where a proposed amendment is opposed on futility grounds, the Court must determine whether the proposed amendment "would fail to state a claim upon which relief could be granted" by applying "the same standard of legal sufficiency as applies under [a] Rule 12(b)(6)" motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Importantly, however, "[t]his does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim," but just requires "that the newly asserted [claim]

---

[2]   Defendants do not argue that Elfar's motion should be denied on the basis of undue delay, undue prejudice, bad faith, or dilatory motive, so the Court does not discuss those elements. *See Monroe v. City of Hoboken*, Civ. No. 11-2556 (JLL) (MAH), 2012 WL 1191177, at *7 (D.N.J. Apr. 10, 2012) (stating that the Court would only address the defendants' futility argument since that was the only basis on which they opposed the motion to amend).

appear[s] to be sufficiently well-grounded in fact or law that it is not a frivolous pursuit." *Rodsan v. Borough of Tenafly*, Civ. No. 10-1923 (MAS), 2011 WL 2621016, at *17 (D.N.J. June 30, 2011) (second alteration in original) (quoting *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 469 (D.N.J. 1990)). Thus, "a short and plain statement of the claim showing that the pleader is entitled to relief" is required, so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Rodsan*, 2011 WL 2621016, at *17 (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 545, 555 (2007)). For purposes of the futility analysis, the Court must accept the factual allegations in the proposed amended complaint as true, as well as the reasonable inferences that can be drawn from them. *Id.*

The elements of a Fourth Amendment claim under § 1983 and the New Jersey Civil Rights Act for malicious prosecution—which Elfar pleaded in both the initial and first amended complaints, and which have already been the subject of extensive briefing in Defendants' motions to dismiss—are substantially similar to the elements for a claim of common law malicious prosecution.[3]

---

[3] *Compare Lozano v. New Jersey*, 9 F.4th 239, 247 (3d Cir. 2021) (describing elements of a claim for malicious prosecution under § 1983 and the New Jersey Civil Rights Act) *with LoBiondo v. Schwartz*, 199 N.J. 62, 90, 94 (2009) (describing elements of a New Jersey common law malicious prosecution claim). The Court does not address, on this motion to amend, arguments related to the legal sufficiency of claims and facts that Elfar already asserted in the initial and first amended complaints. *See Allen v. New Jersey*, No. 16-5672 (AET) (TJB), 2020 WL 7384530, at *3-4 (D.N.J. Dec. 16, 2020) (emphasis in original) (quoting *Danise v. Saxon Mortg. Servs., Inc.*, Civ. No. 15-6062 (JLL) (JAD), 2016 WL 4769733, at *8 (D.N.J. Sept. 12, 2016)) (noting that the court must only consider whether the "*amendment* itself is futile, *not* the claims in the original Complaint," and that

8

The primary difference between the two claims is that under New Jersey common law, for any *non*-economic "pain and suffering" damages alleged, a plaintiff must not only meet the elements of the malicious prosecution claim, but must also either (i) meet the requirements of the NJTCA "verbal threshold" that there be over $3,600 in medical expenses for a "permanent loss of bodily function, permanent disfigurement or dismemberment," or (ii) avoid the verbal threshold by showing "actual malice or willful misconduct." *See* N.J.S.A. § 59:9-2(d); N.J.S.A. § 59:3-14; *DelaCruz v. Borough of Hillsdale*, 870 A.2d 259, 268 (N.J. 2005) (stating that the verbal threshold applies only to pain and suffering claims, and that "economic or consequential damages are not limited" by the NJTCA); *Apata v. Howard*, Civ. No. 05-3204 (JEI), 2008 WL 4372917, at *14-15 (D.N.J. Sept. 23, 2008) (explaining that if a plaintiff has not met the verbal threshold under N.J.S.A. § 59:9-2(d) for pain and suffering damages, the only option to recover damages is to escape the operation of § 59:9-2(d) entirely by establishing that the officer's conduct constituted a crime, actual fraud, actual malice, or willful misconduct). "Willful misconduct" and "actual malice" are "the knowing commission of a forbidden act, a level of culpability requiring 'much more than an absence of good faith and much more than negligence.'" *Apata*, 2008 WL 4372917, at *15 (quoting *Hill v. Algor* 85 F. Supp. 2d 391, 411-12 (D.N.J. 2000)); *see also Van Engelen v. O'Leary*, 323 N.J. Super. 141, 151 (App. Div. 1999).

---

"'[a]ny allegations included in [the] original complaint are not reviewable in the context' of a motion to amend"). Again, defendants can take those challenges up in their forthcoming Rule 12(b)(6) motion.

9

Here, under the liberal standard in favor of granting motions to amend, the Court concludes that Elfar's common law malicious prosecution claim "appear[s] to be sufficiently well-grounded in fact [and] law that it is not a frivolous pursuit." *See Rodsan*, 2011 WL 2621016, at *17. Elfar bases his common law malicious prosecution claim on "the reasons set forth above at length"—prior-alleged facts contained in the initial and first amended complaints—from which it can be inferred that it is at least plausible that the Law Enforcement Defendants acted with actual malice or committed willful misconduct, and that Elfar suffered economic damages, thus circumventing the verbal threshold. In light of the liberal pleading standard on a motion to amend, and without conducting a detailed futility analysis given Defendants' intention to reinstate their motion to dismiss, the Court will permit Elfar to assert the proposed claim for malicious prosecution. Defendants will suffer no prejudice from the amendment, since they have been on notice of the common law malicious prosecution claim since the inception of this lawsuit,[4] no additional facts have been asserted in the proposed second amended

---

[4] It bears repeated emphasis that Elfar identified and reserved the proposed additional common law malicious prosecution claim in his earlier pleadings, but was legally unable to bring that claim at that time, as he would have been out of compliance with the six-month waiting period mandated by the NJTCA. *See Guerrero v. City of Newark*, 216 N.J. Super. 66, 74 (App. Div. 1987) (noting that "[o]rdinarily, [a] plaintiff's non-compliance with the [NJTCA] statutory waiting period would dictate granting a dismissal of the complaint without prejudice"); *Scotti v. University Correctional Health Care*, Civ. No. 19-13981 (JXN) (CLW), 2022 WL 4217766, at *5 (D.N.J. Sept. 13, 2022) (stating that where a plaintiff claims relief under state law, the plaintiff "must follow established state procedures" such as filing a notice of claim pursuant to the NJTCA); *Posyton v. Twp. of Westfield*, Civ. No. 17-5139, 2017 WL 4366983, at *7-8 (D.N.J. Sept. 29, 2017)

complaint, and they will have full ability to challenge the legal sufficiency of the pleaded common law claim. *See Chubb INA Holdings Inc. v. Chang*, Civ. No. 16-2354 (BRM) (DEA), 2016 WL 6841075, at *6 (D.N.J. Nov. 21, 2016) (explaining that "[i]n the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss"); *DLJ Mortg. Capital, Inc.*, 975 F.3d at 369 (quoting *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)) (stating that "[i]t is well-settled that prejudice against the nonmoving party is the touchstone for the denial of an amendment").

Thus, the Court will grant Elfar's motion for leave to amend, and Defendants may raise their legal challenges to all of Elfar's claims in a motion to dismiss.

---

(dismissing claims without prejudice as premature because they were filed before the expiration of the six-month waiting period under the NJTCA).

11

## III. CONCLUSION

For the reasons stated and for good cause shown,

**IT IS** on this 26th day of July, 2023,

**ORDERED** that Elfar's motion to amend [Dkt. 44] is **GRANTED**; and it is further

**ORDERED** that Elfar shall file his second amended complaint within five (5) business days of the date of this Order; and it is further

**ORDERED** that Defendants shall file an answer or otherwise respond to the second amended complaint within fourteen (14) days of its filing.

J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE